UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:24-cr-73(2) |
| Plaintiff, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| JOHN DIXON, | : | |
| Defendant. | : | |

# ORDER

This matter is before the Court on Defendant's Motion to Reconsider Conditions of Pretrial Release and/or Modify Conditions of Bond (Doc. #36) and the Government's Response in Opposition (Doc. #39). Defendant's Motion was referred to the undersigned by District Judge Newman for hearing and order. (Doc. #37). Defendant subsequently filed a Renewed Motion for Modification of Pretrial Release and Evidentiary Hearing. (Doc. #43).

On February 13, 2025, the undersigned held a hearing regarding Defendant's Motions. Defendant and his counsel, Matthew M. Suellentrop, were present during the hearing. Assistant United States Attorney Brent Tabacchi appeared for the Government and opposed Defendant's Motions. The Court also reviewed the reports prepared by Pretrial Services.

In his Motion, Defendant asks the Court to reconsider its decision on pretrial detention "so that the Parties can explore alternatives involving electronic home detention with limited privileges for transportation of his children and/or substance abuse treatment programming." (Doc. #36, *PageID* #82). Defendant notes that in ordering detention, the Court focused on his prior violations of conditions of release. *Id.* at 81. However, Defendant asserts that those violations were minor

in nature and/or involved failed drug tests. *Id.* Moreover, Defendant asserts that although he has multiple driving infractions in his record, he now has a valid driver's license—demonstrating his effort to gain compliance with local laws and regulations. *Id.* at 82. Finally, Defendant argues that he is integral to his family, noting that he has two children who are active in their school and extracurricular activities and require transportation. *Id.* These arguments were reiterated by Defendant's counsel at the bond hearing.

The standard for pretrial detention set forth in 18 U.S.C. § 3142 applies in this case. When deciding a motion for pretrial detention, the Court must consider the existence of any presumption of detention arises under 18 U.S.C. § 3142(e)(3) or (f)(1) and, if so, whether it has been rebutted. The Court must also consider available information concerning: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence of dangerousness, *U.S. v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010); (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

After consideration of the arguments, Defendant's criminal history, the record in this case, and the factors set forth in 18 U.S.C. § 3142, the Court finds that there are no condition or combination of conditions that will reasonably assure Defendant's appearance as required and the safety of any other person or the community. Specifically, the Court relies on Defendant's criminal record which indicates a propensity to violate court orders and includes offenses of a similar nature, including prior drug convictions. Moreover, Defendant has violated the conditions of probation, parole, or supervised release previously imposed by the court and is subject to a lengthy period of incarceration if convicted. Therefore, Defendant's Motion to Reconsider Conditions of Pretrial Release and/or Modify Conditions of Bond (Doc. #36) and Renewed Motion for Modification of Pretrial Release and Evidentiary Hearing (Doc. #43) are **DENIED**.

Accordingly, it is hereby **ORDERED** that:

1. The Defendant be committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On Order of a Court of the United States, or upon request of an attorney for the United States, the person in charge of the facility in which the Defendant is confined deliver the Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding.

Defendants who appeal to a United States District Judge from this Order must, at the same time as filing the appeal, order a transcript of the hearing.

February 13, 2025                                              *s/Peter B. Silvain, Jr.*
                                                               Peter B. Silvain, Jr.
                                                               United States Magistrate Judge