UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                                 Case No. 3:24-cr-73-2

vs.

JOHN DIXON,                                      District Judge Michael J. Newman

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR
MODIFICATION OF BOND (Doc. No. 87)**

This criminal case is before the Court on Defendant John Dixon's motion, through counsel, for pre-sentence release.  Doc. No. 87.  Defendant has pled guilty to a knowing and intentional distribution of 50 grams or more of methamphetamine, its salts, its isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  Doc. Nos. 69, 85, 86.  He is currently detained.  Defendant presently seeks an Order releasing him from detention while he awaits his sentencing hearing "so that he can spend the most amount of time with his children before he has to begin his prison sentence."  Doc. No. 87 at PageID 270.

Once a criminal defendant pleads guilty and is "awaiting imposition or execution of sentence," the Court must detain the defendant unless it finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ."  18 U.S.C. § 3143(a)(1); *see* 18 U.S.C. § 3143(a)(2).  The Court may also release a defendant pending sentencing "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  18 U.S.C. § 3145(c); *see United*

*States v. Christman*, 596 F.3d 870, 871 (6th Cir. 2010); *see also United States v. Cook*, 42 F. App'x 803, 803–04 (6th Cir. 2002).

In the instant case, the Court has carefully considered Defendant's motion and the entire case record. Section 3143(a) mandates continuing Defendant's detention because the clear and convincing evidence fails to show he "is not likely to flee or pose a danger to any other person or the community." *United States v. Allen*, No. 1:19-cr-647, 2021 WL 4060372, at *1 (N.D. Ohio Sept. 7, 2021). Moreover, the Court cannot find the required "exceptional circumstances" to modify Defendant's detention and release him under § 3145(c). *See United States v. Wiseman*, 461 F. Supp. 3d 740, 742 (M.D. Tenn. 2020) (collecting cases) ("[T]he question of 'exceptional circumstances' arises only after the lack of a risk of flight and dangerousness factors have been met"); *cf. Allen*, No. 2021 WL 4060372, at *2 (and cases cited therein).

Accordingly, Defendant's motion for pre-sentencing release is **DENIED**. The Court anticipates considering, during Defendant's sentencing hearing, his request to self-surrender to the Federal Bureau of Prisons.

**IT IS SO ORDERED.**

November 6, 2025                                                  s/Michael J. Newman
                                                                                        Hon. Michael J. Newman
                                                                                        United States District Judge