UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 3:24-cr-73-2

vs.

JOHN DIXON,                     District Judge Michael J. Newman

        Defendant.

---

**ORDER OVERRULING WITHOUT PREJUDICE DEFENDANT'S OBJECTIONS TO HIS PRESENTENCE INVESTIGATION REPORT**

---

Previously in this felony case, Defendant John Dixon and the Government entered into a plea agreement, pursuant to Fed. R. Civ. P. 11(c)(1)(C), under which Defendant pled guilty to distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(l) and 841(b)(1)(A). Doc. No. 84. The case was then referred to the Probation Department for a Presentence Investigation Report ("PSR"). Defendant challenges the PSR in part. The case is now back before the Court for resolution of Defendant's two objections to the PSR. The Government filed a response to Defendant's objections. Doc. No. 105. The parties do not request an evidentiary hearing or oral argument on Defendant's objections. Doc. No. 103.

Defendant raises the following two objections: (1) the omission of a two-point reduction in his offense level for being a minor participant in the narcotics conspiracy;[1] and (2) the addition of one criminal history point due to a prior conviction for the aggravated possession of drugs. Doc. No. 84 at PageID 314-15. The Government contends the PSR correctly recognizes Defendant was

---

[1] The multi-count indictment in this case charged Defendant and others with conspiracy to possess with the intent to distribute methamphetamine. Doc. No. 6.

an average, not a minor, participant in the narcotics conspiracy; and correctly included one criminal history point due to his guilty plea in state court to the aggravated possession of drugs.  *Id*.

## I.  Applicable Legal Standard

This Court "must—for any disputed portion of the [PSR] or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" Fed. R. Crim. P. 32(i)(3)(B) (brackets added).  "As a threshold matter, the defendant must actively raise the dispute during the sentencing hearing before the district court's duty to find facts arises." *United States v. White*, 492 F.3d 380, 415 (6th Cir. 2007).  Once a defendant meets this threshold, "the 'court may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence.'" *Id*. (quoting *United States v. Solorio*, 337 F.3d 580, 598 (6th Cir. 2003)).  Literal compliance with this Rule is required "'for a variety of reasons, such as enhancing the accuracy of the sentence and the clarity of the record.'" *Id*. (quoting *United States v. Treadway,* 328 F.3d 878, 886 (6th Cir. 2003)).

"Generally, factual findings relevant to sentencing must be supported only by a preponderance of the evidence." *United States v. Hurst*, 228 F.3d 751, 761 (6th Cir. 2000) (citing *United States v. Zajac,* 62 F.3d 145, 148 (6th Cir. 1995)); *see United States v. McReynolds*, 964 F.3d 555, 565 (6th Cir. 2020) ("all facts used against a defendant at sentencing must be supported by a preponderance of the evidence[.]"); *see also United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006) ("judicial fact-finding for sentencing purposes must continue as it was conducted prior to *Booker,* under a preponderance of the evidence standard." (citing *United States v. Coffee,* 434 F.3d 887, 897-98 (6th Cir. 2006))).

## II.  The PSR

In the parties' plea agreement, Defendant and the Government agreed to a sentence of 120 months of imprisonment, *i.e.*, a ten year term.  Doc. No. 84 at PageID 262.  The parties do not dispute that a statutory ten year mandatory minimum term of imprisonment applies to Defendant's current offense—distributing 50 grams or more of methamphetamine—up to a maximum of life in prison.[2]  *Id*. at PageID 261; *see* Doc. No. 93 at PageID 310; *see also* 21 U.S.C. § 841(b)(l)(A).

Applying the 2025 edition of the United States Sentencing Guidelines ("Guidelines"), the PSR places Defendant's Total Offense Level at 31.  Doc. No. 93 at PageID 291, 293.  The PSR did not add or subtract any points to this calculation based on Defendant's role in the offense.  *Id*. at PageID 293.

When determining Defendant's criminal history category, the PSR adds one point due to Defendant's guilty plea in state court in February 2015 to one count of aggravated possession of drugs (Schedule I or II).  *Id*. at PageID 298-99.  Rather than sentence Defendant to a term of imprisonment, the state court granted him an "intervention in lieu of conviction."  *Id*. at PageID 299.  In July 2015, before he completed all the requirements of the court-imposed intervention plan, he was arrested and ultimately convicted of—in a different felony case in this Court—conspiracy to possess with intent to distribute, and distribution of, heroin and cocaine.  *Id*. at PageID 298-99; *see United States v. John Dixon*, 3:15-cr-81-3 (S.D. Ohio July 31, 2015).  As a result, on November 9, 2017, the state court noted Defendant's intervention in lieu of conviction was "unsuccessfully terminated."  Doc. No. 93 at PageID 298.

---

[2] Accordingly, Defendant's two PSR objections—which, even if he were to prevail on either or both—cannot lower his sentence below ten years.  This means, as a practical matter, that the objections are moot and can be denied on this basis.  *See* Fed. R. Crim. P. 32(i)(3)(B).  Nonetheless, the Court addresses the merits of both objections below.

3

The PSR adds one point to Defendant's criminal history for his guilty plea in state court to aggravated possession of drugs and three points for his federal narcotics conviction, totaling four criminal history points and placing him in criminal history category III. *Id*. at PageID 301. Together with his offense level of 31, his recommended Guidelines sentence is 135 to 168 months. *Id*. at PageID 306, 310. The probation officer recommends a 120-month (ten year) sentence pursuant to the parties' Rule 11(c)(1)(C) plea agreement. *Id*. at PageID 310.

### III. Analysis

#### A. Defendant's Role

Defendant first contends the PSR should have reduced his offense level by two points pursuant to Guidelines § 3B1.2(b) due to his minor role in the conspiracy. *Id.* at PageID 314.

"The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct) … and not solely on the basis of elements and acts cited in the count of conviction." USSG Ch. 3, Pt. B, intro. comment. Generally, the mitigating-role reduction in Guidelines § 3B1.2(b) "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." USSG § 3B1.2 (comment. (n. 3(A)). A two-point reduction for a "minor" participant "applies to a defendant ... who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* (comment. n. 5)).

Although Defendant challenges the PSR's determination that he played an average, not a minor, role in the narcotics conspiracy, *see* Doc. No. 93 at PageID 314, he has not met his burden to identify any factual inaccuracy underlying the PSR's conclusion that he was an average participant in the conspiracy. *See id*.; s*ee also United States v. Hurst*, 228 F.3d 751, 760 (6th Cir. 2000) ("[W]here defendant did not even assert that the objected-to recommendations were based

4

on false or unreliable information, and did not expressly call them to the court's attention…it can hardly be said that these matters were sufficiently 'controverted' to trigger the sentencing court's fact-finding duty under Rule 32(c)(1)"); *cf. United States v. Miller*, 56 F.3d 719, 720 (6th Cir. 1995) ("Defendant has the burden of proving mitigating factors justifying a reduction for being a minor participant by a preponderance of the evidence").

Assuming, *arguendo*, Defendant was, as he suggests, a minor participant in the conspiracy, the resulting two-point reduction in his offense level would not impact his sentence if the Court accepts the parties' plea agreement.  While his reduced offense level would lower his sentencing range under the Guidelines, *see* Doc. No. 93 at PageID 316,[3] both the proposed binding plea agreement and the mandatory minimum sentence require imposition of a 120-month sentence.

Accordingly, Defendant's first objection is **OVERRULED WITHOUT PREJUDICE**.

### B.  Defendant's Criminal History Category

Defendant next objects next to the PSR's assessment of one criminal history point for his state charge of aggravated possession of drugs (Schedule I or II).  Doc. No. 93 at PageID 315. Defendant contends, "There was no conviction for that particular charge entered and [he] should not receive a criminal history point for that charge." *Id*.

As mentioned above, Defendant pled guilty in state court to the aggravated possession of drugs, and the state court stayed the final adjudication of that case by granting him an "intervention in lieu of conviction." *Supra*, § II.  The PSR correctly added one point to Defendant's criminal history score for this offense even though his guilty plea did not result in a final adjudication.  *Id*. Although Defendant's intervention in lieu of conviction stayed the final adjudication of his state

---

[3] If Defendant's first objection is sustained, his total offense level would be 26.  A total offense level of 26 and a criminal history category III would result in a Guidelines sentencing range of 78 to 97 months.  *See* Doc. No. 93 at PageID 316.  The Court could not impose such a Guidelines sentence, however, because of the 120-month mandatory minimum sentence at issue here.

offense, the Guidelines nonetheless count his guilty plea in the calculation of his criminal history category.  *See* USSG § 4A1.2(f) ("A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted").

Accordingly, Defendant's second objection to the PSR is **OVERRULED**.

### IV.  Conclusion

Defendant's two objections to the PSR are both **OVERRULED**.  He may raise his concerns anew, in the context of 18 U.S.C. § 3553(a), during his sentencing hearing.

**IT IS SO ORDERED.**

July 15, 2026                                            s/*Michael J. Newman*
                                                         Hon. Michael J. Newman
                                                         United States District Judge